﻿Citation Nr: AXXXXXXXX
Decision Date: 12/30/19 Archive Date: 12/30/19

DOCKET NO. 191107-45079
DATE: December 30, 2019

ORDER

An effective date earlier than April 1, 2019 for the addition of the Veteran’s spouse, G.J., as a dependent to his Department of Veterans Affairs (VA) disability compensation award is denied.

FINDING OF FACT

In a March 2017 rating decision, the Veteran was awarded service connection for posttraumatic stress disorder (PTSD) and assigned a 50 percent rating, effective October 6, 2015; he filed a claim for an increased rating for PTSD received April 1, 2019 that was granted in a May 2019 rating decision; VA did not receive a complete VA Form 21-686c, Application Request to Add and/or Remove Dependents/Declaration of Status of Dependents, providing the information necessary to prove dependency until June 19, 2019.

CONCLUSION OF LAW

The criteria for an effective date earlier than April 1, 2019 for the award of additional compensation for the addition of the Veteran’s spouse to his award are not met. 38 U.S.C. §§ 1115, 5110, 5111; 38 C.F.R. §§ 3.4(b)(2), 3.204, 3.401.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1968 to February 1970, to include in the Republic of Vietnam. For his service he was awarded the Combat Infantryman Badge and Bronze Star Medal among other awards and decorations.

The appeal comes before the Board of Veterans’ Appeals (Board) from a July 2019 decision by the VA Regional Office (RO). The Veteran appealed that decision in November 2019 and elected the Board’s direct review docket. 38 C.F.R. § 19.2(d).

The Board notes that in November 2019, the Veteran executed a VA Form 21-22a, power of attorney, naming, G.J., as an individual providing representation under 38 C.F.R. § 14.630, thereby revoking his earlier power of attorney. 38 C.F.R. § 14.631(f)(1). The Board notes that 38 C.F.R. § 14.630 allows “any person to prepare, present, and prosecute one claim,” for a one-time representation without charge or compensation. 38 C.F.R. § 14.630.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Earlier effective date for the addition of the Veteran’s spouse

Veterans having a service-connected condition rated 30 percent disabling or more may be entitled to additional compensation for a spouse. 38 U.S.C. § 1115; 38 C.F.R. § 3.4(b)(2). 

An award of additional compensation for dependents based on the establishment of a rating in the percentage specified by law for that purpose shall be payable from the effective date of such rating, but only if proof of dependents is received within one year from the date of such rating. 38 U.S.C. § 5110(f). 

The effective date of the award of any benefit or increase by reason of marriage shall be the date of that event if proof is received by VA within a year from the date of marriage. 38 U.S.C. § 5110(n). Regarding additional compensation for dependents, the effective date will be the latest of the following dates: (1) date of claim; (2) date the dependency arises; (3) effective date of the qualifying disability rating provided evidence of dependency is received within a year of notification of such rating action; or (4) date of commencement of the Veteran’s award. 38 C.F.R. § 3.401(b). 

VA will accept, for purposes of determining entitlement to benefits under laws administered by VA, the statement of a claimant as proof of marriage provided that the statement contains: the date (month and year) and place of the event; the full name and relationship of the other person to the claimant; and the social security number of the other person. 38 U.S.C. § 5124; 38 C.F.R. § 3.204.

In this case, the Veteran’s spouse, G.J., was added as a dependent to his compensation benefits effective April 1, 2019. The Veteran seeks retroactive payment for being married from October 6, 2015 when he was initially awarded a 50 percent disability rating for PTSD. See September 2019 Statement in Support of Claim.

Applying the relevant law to the facts of record, an effective date earlier than April 1, 2019 for the addition of the Veteran’s spouse, G.J., to his disability compensation award is not warranted. Review of the probative evidence establishes that the Veteran indicated an intent to file a claim for compensation on October 6, 2015. In his formal application, dated May 16, 2016, he listed G.J. as his point of contact, but did not provide her social security number or any other information regarding the date of their marriage or her relationship to him. A March 2017 rating decision granted entitlement to service connection for PTSD and a rating of 50 percent. In April 2017, the Veteran was notified of his award and that he was being paid as a single Veteran with no dependents. 

On April 1, 2019, VA received the Veteran’s claim for an increased rating for PTSD accompanied by a statement in support of claim from his wife. Neither the claim form nor G.J.’s lay statement included her social security number or the date and place of their marriage.

In a May 2019 rating decision, the RO increased the Veteran’s rating for PTSD to 100 percent and granted basic eligibility to Dependents’ Educational Assistance, effective April 1, 2019. In a May 20, 2019 notification letter, the Veteran was informed of the increased rating and that he was being paid as a single veteran with no dependents.

On June 19, 2019, VA received a Form 21-686c, Application Request to Add and/or Remove Dependents. On this form, the Veteran provided G.J.’s social security number and the date and place of their marriage. 

Since the information necessary to provide proof of dependent status was submitted within one year of the notification of the May 2019 rating action based on the Veteran’s April 1, 2019 claim for increase, April 1, 2019 is the appropriate, and earliest, effective date for the addition of G.J. as a dependent. Prior to that date, the Veteran had not submitted the required information to give rise to such entitlement. See 38 U.S.C. § 5110(f); 38 C.F.R. § 3.401(b)(3).

Based on the facts of this case, there is no legal basis to an effective date prior to April 1, 2019, for the award of additional benefits based on addition of the Veteran’s spouse; as such, the claim must be denied. 

 

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Boyd Iwanowski, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.